HILL, Circuit Judge,
concurring:
I concur in the panel opinion and add one further thought. The type of crime *1297 committed here tends to provide a relatively small and certain amount of expected gain .to defendants and a far larger and less certain loss to innocent investors throughout the market. Here the perpetrators seek something of value for themselves with reckless disregard for their faceless victims. The extent of their wrongdoing will usually greatly exceed what they hoped to derive from their nefarious conduct.
The district court, looking at the defendants’ expected gain, concluded that for sentencing purposes, the amount of loss attributable to the defendants was between $200,000 and $350,000. The government’s expert concludes that the loss impact upon investors was $34.4 million! The great difference in the two figures describes and defines the callousness of defendants who, in order to obtain relatively little, acted in utter disregard of the vast financial loss consequence they inflicted on so many. It is not appropriate therefore to limit sentencing consequences to defendants’ gain, thereby ignoring victims’ loss. See U.S. Sentencing Guidelines Manual § 2F1.1, cmt. n. 9.
Of course, the estimated loss must not be based upon pure guesswork or speculation. If however, there is a good basis for a reasonable estimate, the sentencing court should tend to overlook fine-tuned objections demanding precise dollar and cent calculations of loss. Id. The opinion prepared for us by Judge Lay provides adequate direction to the district court empowering it to calculate the consequential loss to victims with reasonable certainty.